UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ALVAREZ,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT KERNAN and SCOTT FRAUENHEIM,<br><br>    Defendants. | Case No. 1:17-cv-00609-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDER IN LIGHT OF <u>WILLIAMS</u> DECISION<br><br>(ECF NOS. 1, 6, & 11)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

    Raul Alvarez ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff consented to magistrate judge jurisdiction. (ECF No. 7). Defendants have not yet consented to magistrate judge jurisdiction or declined to consent to magistrate judge jurisdiction.

    The Court previously screened Plaintiff's complaint before Defendants appeared. (ECF No. 6). The Court found that Plaintiff stated a cognizable claim against defendants Frauenheim and Kernan[1] for violation of Plaintiff's right to equal protection, and dismissed all other claims and defendants. (ECF Nos. 6 & 11). Plaintiff's state law claims were dismissed without prejudice. (ECF No. 11, p. 2, n.3). Prior to the Court dismissing claims and defendants, Plaintiff agreed to proceed only on the claims found cognizable by the Court. (ECF No. 10).

    As described below, in light of Ninth Circuit authority, this Court is recommending that the assigned district judge dismiss claims and defendants consistent with the order by the

---

[1] The Court notes that the header, introduction, and conclusion of the screening order (ECF No. 6) erroneously stated that the Court found a cognizable claim against defendant Brown, instead of defendant Frauenheim. The Court did not find a cognizable claim against defendant Brown. In Plaintiff's notice stating that he is willing to proceed only on the equal protection claim (ECF No. 10), Plaintiff correctly noted that the Court found a cognizable equal protection claim only against defendants Frauenheim and Kernan.

1

magistrate judge at the screening stage.

## I. WILLIAMS v. KING

On November 9, 2017, the United States Court of Appeals for the Ninth Circuit held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a claim at the screening stage where the Plaintiff had consented to magistrate judge jurisdiction and defendants had not yet been served. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." Id. at 501.

Here, the defendants were not served at the time the Court issued its order dismissing claims and defendants, and therefore had not appeared or consented to magistrate judge jurisdiction. Accordingly, the magistrate judge lacked jurisdiction to dismiss claims and defendants based solely on Plaintiff's consent.

In light of the holding in Williams, this Court will recommend to the assigned district judge that he dismiss the claims and defendants previously dismissed by this Court, for the reasons provided in the Court's screening order.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

### III. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges that he contracted Coccidioidomycosis, also known as "Valley Fever," after being transferred to Pleasant Valley State Prison ("PVSP"). Plaintiff names five individuals as defendants: Edmund G. Brown, Jr, governor of California; Scott Kernan, secretary of the California Department of Corrections and Rehabilitation ("CDCR"); Scott Frauenheim, warden of Pleasant Valley State Prison; F. Rojas, nurse; and Sandra Shortnacy, nurse.

Plaintiff alleges that Governor Brown and Secretary Kernan knew of the substantial risk posed by Coccidioidomycosis, also known as "Valley Fever," in and around Pleasant Valley State Prison and failed to warn Plaintiff before transferring Plaintiff there on March 13, 2014. Nurse Rojas gave Plaintiff a packet that vaguely described the disease, but the packet she gave did not explicitly inform or educate Plaintiff about the true nature and consequences of Valley Fever. Defendants Rojas, Brown, and Kernan failed to disclose the likelihood of exposure, the potential progress of the disease, the seriousness of the injuries it causes, the dangerous life-long effect it can have on a person's health. As an inmate, Plaintiff relief on them to provide such information, but as a result of their negligence, Plaintiff contracted a serious case of

Valley Fever on May 10, 2016. Plaintiff developed a severe fever of 103, a cough, fatigue, body ache and pneumonia. Plaintiff now suffers from permanent fatigue, daily headaches, and other body aches.

Plaintiff also alleges a breach of contract claim, stating that "the cocci-skin-test declination statement and the Coccidioidomycosis questions and answers" provided to Plaintiff did not explicitly inform or educate Plaintiff about the true nature and consequences of Valley Fever. After Plaintiff contracted the disease, Plaintiff realized that the information in the declination statement and the questions and answers form were not accurate. Defendant Shortnacy intentionally misrepresented the facts to not frighten the inmate population and keep the institution filled.

Plaintiff also claims that his right to be free from discrimination was violated because the prison housed inmates of Mexican descent at the prison, while excluding Africans and Filipinos.

Plaintiff also alleges that the prison took certain measures to reduce the risk, including minimal construction work, having inmates stay indoors during windy weather, categorizing inmates by race for placement at the institution, showing a vague video about the disease, and providing the cocci-skin test "questionnaire." But these measures were insufficient to prevent Plaintiff from getting the disease.

Plaintiff refers to exhibits A, B, and C, but no exhibits were included in the filed version of Plaintiff's complaint.

### IV. ANALYSIS OF PLAINTIFF'S CLAIMS

#### A. Section 1983 Legal Standards

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

> injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941

(1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

**B.    Deliberate Indifference to Serious Medical Needs (Eighth Amendment)**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. "First, the deprivation must be, objectively, sufficiently serious." Id. (internal quotation marks and citation omitted). Second, "prison officials must have a sufficiently

culpable state of mind," which for conditions of confinement claims, "is one of deliberate indifference." Id. (internal quotation marks and citation omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). The exposure to toxic substances can support a claim under section 1983. See Wallis v. Baldwin, 70 F.3d 1074, 1076–77 (9th Cir. 1995) (exposure to asbestos). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations do not rise to the level of deliberate indifference to Plaintiff's conditions of confinement. Plaintiff alleges that the prison was negligent or misleading by not providing sufficient disclosure of Valley Fever risks. As discussed below, Plaintiff may have state law claims based on these allegations, but not a constitutional claim based on the facts alleged. A constitutional claim for cruel and unusual punishment requires that a defendant know of an excessive risk to inmate health or safety—here risk of contracting Valley Fever— and disregard that risk. Plaintiff's allegations establish that, at least at the time that Plaintiff came to PVSP, prison officials were undertaking many measures to address the risk including minimal construction work, keeping inmates indoors during windy weather, categorizing inmates by race, performing a cocci-skin test, and showing a video. Plaintiff does not allege that any defendant was aware that Plaintiff had a serious risk of contracting Valley Fever even with the precautions taken. Instead, Plaintiff himself describes that, "as a result of their negligence" he contracted Valley Fever. As mentioned above, mere negligence is not sufficient to establish liability under the Eighth Amendment.

### C.     The Equal Protection Clause (Fourteenth Amendment)

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439(1985); Hartmann v.

California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). To establish a violation of the Equal Protection Clause, the prisoner must also present evidence of discriminatory intent. See Washington v. Davis, 426 U.S. 229, 239-240 (1976); Serrano, 345 F.3d at 1081-82; Freeman v. Arpio, 125 F.3d 732, 737 (9th Cir. 1997).

Plaintiff alleges that the prison transferred Africans and Filipinos to other institutions, but housed inmates of Mexican descent at PVSP. Plaintiff alleges that the racial categorization was discriminatory. The Court finds that these allegations state a claim for violation of the equal protection clause.

The difficult question is which Defendants are liable for that policy. Plaintiff does not say explicitly which defendants created that procedure. Based on the allegations of their role generally, the Court will allow a claim for violation of the equal protection clause to proceed against the warden, Scott Frauenheim, and Secretary of the CDCR, Scott Kernan, because their titles indicate a control over policies of this type at PVSP.

### D. State Law Claims

Plaintiff alleges several state law tort claims, including negligence, misrepresentation and breach of contract. California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (Cal. 2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the

Government Claims Act. Bodde, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff failed to allege facts demonstrating compliance with California's Government Claims Act, and therefore fails to state a tort claim under state law.

Additionally, the Court does not have jurisdiction over state law claims, unless subject to the Court's supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," with specific exceptions. "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'" Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (quoting Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir. 1991)). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).[2]

## V. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that all claims and defendants, except for Plaintiff's claim against defendants Frauenheim and Kernan for violation of Plaintiff's right to equal protection, be DISMISSED (with Plaintiff's state law claims being dismissed without prejudice).[3]

These findings and recommendations are submitted to the United States District Judge

---

[2] The Court also notes that the complaint does not appear to allege a contract sufficient to establish a breach of contract claim. It may be that Plaintiff intended to attach a contract as an exhibit, but the exhibits were not included in the Court filing.

[3] The Court gave Plaintiff leave to amend when it initially screened Plaintiff's complaint. (ECF No. 6). Plaintiff opted to not file an amended complaint. (ECF No. 10).

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 11, 2017**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE