UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ALVAREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN and SCOTT FRAUENHEIM,<br><br>　　　　　Defendants. | Case No. 1:17-cv-00609-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND LOCAL RULE 182(F)<br><br>(ECF NO. 26)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

　　　　Raul Alvarez ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　On November 9, 2017, Defendants filed a request for an extension of time to respond to the complaint. (ECF No. 17). In that request, Defendants' counsel stated that he was informed that Plaintiff was taken into custody by Immigrations and Customs Enforcement ("ICE") on October 10, 2017. (Id. at 3). While a Notice of Change of Address for Plaintiff was docketed on October 13, 2017 (ECF No. 16), it is dated October 8, 2017 (two days before Plaintiff was allegedly taken into custody by ICE). The address Plaintiff provided in that notice does not appear to be an address for an ICE detention facility.

1

Accordingly, the Court issued an order, giving Plaintiff twenty-one days to file a Notice of Change of Address or a notice that his address has not changed. (ECF No. 26). Plaintiff was warned that failure to comply could "result in dismissal of this case for failure to comply with a court order and failure to comply with Local Rule 182(f)."[1] (Id. at 2). The deadline has passed, and Plaintiff failed to respond to the Court's order.

Accordingly, the Court will recommend that this case be dismissed, without prejudice, for Plaintiff's failure to comply with a court order and failure to comply with Local Rule 182(f).

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to obey the Court's order and the Local Rule requiring Plaintiff to keep the parties apprised of his current address that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little

---

[1] Local Rule 182(f) states that "[e]ach appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective. Separate notice shall be filed and served on all parties in each action in which an appearance has been made."

available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, monetary sanctions are of little use, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, including the Court's need to manage its docket, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, without prejudice, based on Plaintiff's failure to failure to comply with a court order (ECF No. 26) and failure to comply with Local Rule 182(f); and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 8, 2018**     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE